UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR M. GODINEZ,

                                      Plaintiff,

-against-

YANNIS' PASTRY CORP.,

                                      Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 08-323 (ADS)

**ORENSTEIN, MICHAEL L., U.S. Magistrate Judge:**

      This matter was referred to the undersigned by District Judge David G. Trager for the purpose of issuing a report and recommendation as to the appropriate amount of damages and attorneys' fees to be awarded to the plaintiff following the entry of a default judgment against the defendant, Yannis' Pastry Corp. See Order, dated August 9, 2010, Trager, D.J. By order dated August 12, 2010, the undersigned scheduled a hearing for September 15, 2010 to assess the damages and attorneys' fees to be awarded to plaintiff. See Order, dated September 15, 2010, Orenstein, M., M.J. The defendant did not appear at the hearing on September 15, 2010 despite having been served with the August 12, 2010 order. See Docket Entry No. 38. Upon conclusion of the plaintiff's presentation of evidence, the undersigned dictated a report and recommendation into the record regarding the assessment of damages and indicated that it would issue a further report and recommendation on the appropriate amount of attorneys' fees upon receipt of an amended Exhibit C. By letter dated September 23, 2010, plaintiff submitted an amended Exhibit C which reflects adjustments to plaintiff's original fee request, including *inter alia,* reductions in the applicable hourly rates for associates and paralegals. For the reasons that follow, the undersigned now reports and recommends that the plaintiff be awarded attorneys' fees in the amount of $59,743.95.

## DISCUSSION

Courts in this Circuit must determine "what a reasonable paying client would be willing to pay" in light of all the relevant circumstances in the case when considering a fee application. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008); Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd., CV 07-1455(CPS), 2008 WL 4190955, *9 (E.D.N.Y. Sept. 3, 2008). In assessing the reasonableness of a fee award, "[d]istrict courts have broad discretion, using 'their experience with the case, as well as their experience with the practice of law . . . ." Raritan Bay Realty, 2008 WL 4198955, at *10 (citing Fox Indus., Inc. v. Gurovich, No. 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). The undersigned now addresses the reasonableness of both the hourly rates at which the plaintiff's attorneys seek to be compensated and the number of hours for which they seek compensation.

a) Hourly Rates

Plaintiff's counsel seeks an award of fees based on the following hourly rates for the attorneys and support staff who worked on this matter:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| Allegra Wiles | Junior Associate | $125.00 |
| Christina Djordevich | Junior Associate | $125.00 |
| Casey Hinkle | Senior Associate | $225.00 |
| Marlon Bodden | Legal Aid Society (Partner Equivalent) | $350.00 |
| John Shyer | Partner | $350.00 |

| Kendra Melrose | Junior Associate | $125.00 |
| Emily Scharfman | Junior Associate | $125.00 |
| Jaron Shipp | Senior Associate | $225.00 |
| Lional Rivera | Junior Associate | $125.00 |
| Jason Grossman | Senior Managing Attorney | $125.00 |
| Jessica Bengels | Senior Managing Attorney | $90.00 |
| Sarita Chalen | Paralegal | $70.00 |
| Dinneen Cato | Records Technician | $25.00 |

See Amended Exhibit C, dated September 23, 2010 at 1

In determining what is a "reasonable" hourly rate, a district court considers the rates approved in comparable cases in addition to the court's own knowledge of current market rates. See, e.g., LaBarbera v. D & R Materials, Inc., CV 08-146(FB), 2008 WL 5054642, *5 (Dec. 1, 2008). In this District, hourly rates for partners generally range from $200 to $375, and associate rates typically range from $200 to $250 for senior associates and $100 to $150 for junior associates. D& R Materials, 2008 WL 5054642, at *5 (fee awards for junior associates generally range from $100 to $150 per hour); Cho v. Koam Medical Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)("Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners"); see also Lanzafame v. Toquir Contracting, Inc., 545 F. Supp. 2d 255, 258 (E.D.N.Y. 2007) (finding reasonable attorney hourly rates ranging from $140 for associates to $210 for partners); King v. STL Consulting, LLC, 2006 WL 3335115, at *7 (E.D.N.Y. Oct. 3, 2006) (collecting cases and finding that in this District, hourly rates generally range from $200 to $375 for partners, $200 to $250 for senior associates

and $100 to $150 for junior associates); LaBarbera v. J.E.T. Res., Inc., 396 F. Supp. 2d 346, 353 (E.D.N.Y. 2005) (finding the reasonable rate for attorneys in the Eastern District to be $250 for partners and $150 for associates). In addition, the customary hourly rate for paralegals is $75. Luca v. County of Nassau, CV 04-4898, 2008 WL 2435569, *10 (E.D.N.Y. June 16, 2008) (finding $75 to be the customary rate for paralegals). Given that the hourly rates charged in this case fall within these ranges, the court finds that the rates here are reasonable.

b) Hours Expended

A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). The Second Circuit has instructed that district courts "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. In assessing the reasonableness of the number of hours spent by counsel in a given case, a district court must "'use [its] experience with the case, as well as [its] experience with the practice of law.'" Kaufman v. Maxim Healthcare Services, Inc., No. 04-CV-2869(SJF), 2008 WL 4223616 (E.D.N.Y. Sept. 9, 2008) (quoting Gurovich, 2005 WL 2305002, at *2) (add'l citation omitted). The court's task in this regard is to make "a conscientious and detailed inquiry into the validity and representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

Plaintiff has submitted the relevant billing summaries and contemporaneous time slips in support of its fee application. Although the billing records adequately document the hours that

have been billed by the attorneys and support staff, the undersigned finds that the hours billed are excessive in that many of the various entries reflect a duplication of services. This is particularly true with respect to the number of attorneys working on (i) discovery requests and responses, (ii) preparation for and strategy with regard to depositions, (iii) reviewing defendant's motion to withdraw, and (iv) plaintiff's motion for a default judgment and papers in support thereof. This is a fairly straightforward Fair Labor Standards Act and New York Labor Law case that does not raise any novel or complex legal issues. Thus, the fee of $70,287.00 claimed herein which seeks reimbursement for hours that reflect a duplication of services is somewhat excessive.

It is well-established that "one acceptable method for 'trimming the fat' from a fee application, and one that consumes fewer judicial resources than a painstaking review of each entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed." Raritan Bay Realty, 2008 WL 4198955, at *11 (reducing claimed hours by 40%) (citing In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237-38 (2d Cir. 1987)); see also Cheesecake Factory Assets, 2008 WL 2510601, at *5 (E.D.N.Y. June 20, 2008) ("When a court determines that plaintiffs have requested an excessive amount in attorney's fees, '[t]he court is not required to 'scrutinize each action taken or the time spent on it' when determining what is reasonable.' Instead, a court 'has discretion to simply apply a reasonable percentage reduction.'") (quoting Colgrove v. Barnhart, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)) (add'l citations omitted); see also Kim v. 167 Nail Plaza Inc., CV 05-8560 (GBD), 2009 WL 77876 (S.D.N.Y. Jan. 12, 2009) (hours reduced by 40 percent); Cho v. Koam Med. Servs., P.C., 524 F. Supp. 2d 202, 210 (E.D.N.Y. 2007) (hours reduced by 40 percent); DCH Auto Group (USA) Inc.

v. Fit You Best Automobile, Inc., No. CV 05-2973, 2006 WL 279055, *6 (E.D.N.Y. Jan. 10, 2006) (hours reduced by 35 percent); La Barbera v. J.E.T. Res., Inc., 396 F. Supp. 2d 346, 354 (E.D.N.Y. 2005) (hours reduced by fifty percent). Accordingly, the court finds that a 15 percent reduction is reasonable. Applying this percentage, the undersigned recommends a fee award of $59,743.95.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within fourteen (14) days of receipt of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992).

Dated: Central Islip, New York
September 30, 2010

MICHAEL L. ORENSTEIN
United States Magistrate Judge